UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMRA A. DEBENEDETTO, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | Jury Demanded |
| INTEGRITY FINANCIAL | ) | |
| PARTNERS, INC. and | ) | |
| CHASE BANK USA, NA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Tamra A. Debenedetto, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Integrity Financial Partners, Ltd. and Chase Bank USA, NA. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as claims based on violations of state law.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because Defendants' collection demands were received here, and both Defendants transact business here.

## PARTIES

3. Plaintiff, Tamra A. Debenedetto, ("Plaintiff") is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.     Defendant, Integrity Financial Partners Incorporated, ("Integrity") is a corporation engaged as a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone. (Exhibit A, Printout from Defendant's website).

5.     Integrity is a collection agency that was licensed to do business in Illinois at the time of the alleged violations, and may be served at its principal place of business located at 4370 West 109th St., Suite 100, Overland Park, KS 66211. (Exhibit B, Record from Illinois Division of Professional Regulation; Exhibit C, Record from Illinois Secretary of State website).

6.     Defendant, Chase Bank USA, NA, ("Chase") is a direct banking and payment services company with offices at 1 Bank One Plaza, Chicago, Illinois.

**FACTS**

7.     Plaintiff incurred a financial obligation to Chase associated with Acct# XXXX-XXXX-XXXX-4818 for charges she incurred for household and personal purposes ("alleged debt"), and said obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, and defaulted on her obligation.

9.     Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to Integrity for collection from Plaintiff.

10. At all times relevant hereto, Debt Rescue Central was acting as Plaintiff's authorized agent for the purpose of settling her debt with Chase. Debt Rescue Central has a principal place of business at 815 Commerce Drive, Suite 120, Oakbrook, IL 60523.

11. At all times relevant hereto, Integrity was acting as an authorized agent on behalf of Chase in its attempts to collect the alleged debt from the Plaintiff, and Chase authorized Integrity to collect the alleged debt.

12. On or around June 28, 2012, via negotiations between Debt Rescue Central with Integrity, Defendants agreed to accept $1,800.00 as settlement in full on the alleged debt ("Agreement") amount of $4,040.82, on substantially the following terms excerpted from a letter from Integrity to the Plaintiff:

> **Integrity Financial Partners, Inc. has been authorized by Chase to accept $1,800.00 as settlement in full, on the above-mentioned account if paid on the following dates:**
>
> $150 (12 payments) dated 07/03/2012 thru 06/03/2013
>
> (Exhibit D, copy of letter from Integrity to Plaintiff dated June 28, 2012).

13. Plaintiff and Defendants agreed that Integrity would withdraw $150 each month via an electronic check from an escrow account set up for the purpose of providing said payments, until the amount of $1,800 was paid.

14. Per agreement between Integrity and Debt Rescue Central, Integrity thereafter repeatedly, on a monthly basis, withdrew payments of $150 from Plaintiff's account.

15. On April 24, 2013, an employee of Debt Rescue Central named Kelly Walker placed a telephone call to Integrity to inform them that Plaintiff would be making the final payment that was due on June 3, 2013, on May 6, 2013.

16. During the pendency of the April 24, 2013 conversation with Integrity, an agent or employee of Integrity told Kelly that the file was given back to Chase, but that the settlement agreement was still being honored.

17. Integrity's statement was false, as the settlement agreement was not being honored by Defendants.

18. In reliance on Integrity's statement on behalf of Chase, Kelly Walker thereafter engaged in a telephone conversation with a Chase employee regarding the settlement agreement for the purpose of finalizing the final payment to Defendants. During the pendency of the conversation, said Chase employee advised her to mail Plaintiff's final payment of $150 to "Chase Cardmember Services, 2500 Westfield Drive, Elgin, IL 60124".

19. Based on Integrity and Chase's representations, Kelly Walker caused the final check of $150 to be mailed to Chase, which received and deposited the check.

20. The check for the final installment payment states "Integrity Settlement in Full" across its face. (Exhibit E, Check).

21. Chase subsequently cashed Plaintiff's final check.

22. On November 4, 2013, an employee or agent of Chase contacted Plaintiff via telephone from telephone number 210-520-1454, and informed her that she owed $2840.82 00 to Chase, which she told Plaintiff she was calling to collect.

23. Plaintiff thereafter became aware that Defendants stopped withdrawing payments from Plaintiff's escrow account on January 3, 2013, for reasons unknown to Plaintiff.

24. At all times relevant hereto, Plaintiff maintained and funded the account

from which payment was to be withdrawn by Integrity so that the $150 monthly payments that were agreed upon could be made.

25. Plaintiff performed all conditions pursuant to her agreement with Defendants to settle the alleged debt.

26. At no time did Integrity notify Plaintiff or her agents in writing of its intent to deposit any electronic check, prior to the time of the deposit of each check into Defendants' account.

27. After defaulting on its agreement with Plaintiff by failing, through Integrity, to withdraw funds that Plaintiff has made available to satisfy her duties under the Agreement, Chase is now refusing to honor the Agreement, and is now attempting to collect the original pre-settlement debt balance from Plaintiff via repeated telephone calls made to Plaintiff that continue to date.

28. Plaintiff has suffered, *inter alia*, severe emotional distress, nervousness, fear of answering the telephone, depression, irritability, worry, fear, anxiety, and financial damages.

29. Defendant Integrity's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*--INTEGRITY

30. Plaintiff incorporates paragraphs 1-29.

31. In its attempts to collect the debt allegedly owed by Plaintiff, Integrity violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

a) Integrity violated 15 U.S.C § 1692d by oppressively failed to honor a settlement Agreement that it had entered into to settle the alleged debt;

b) Integrity violated 15 U.S.C § 1692e by falsely and deceptively claiming that Chase was honoring the settlement agreement, when it knew that it was not;

c) Integrity violated 15 U.S.C § 1692e by falsely and deceptively inducing Plaintiff to make a final payment on the alleged debt by misrepresenting that Chase was honoring the settlement agreement;

d) Integrity violated 15 U.S.C § 1692e by deceptively entering into a settlement agreement with Plaintiff on behalf of Chase when it knew that Chase would not honor the agreement entered into;

e) Integrity violated 15 U.S.C § 1692e by accepting payments from Plaintiff under false pretenses;

f) Integrity violated 15 U.S.C. § 1692e(10) by falsely representing that Discover would honor a settlement agreement to settle the alleged debt for $1,800 as indicated in Exhibit D;

g) Integrity violated 15 U.S.C § 1692e(10) when it deceptively failed to honor a settlement agreement that it had entered into to settle the alleged debt;

h) Integrity violated 15 U.S.C. § 1692f when it unfairly induced Plaintiff to make payments on the alleged debt under false terms;

i) Integrity violated 15 U.S.C. § 1692f(2) when it failed to notify Plaintiff and/or her agent in writing of its intent to withdraw settlement funds, repeatedly within the last year;

32. As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered *inter alia*, severe emotional distress, nervousness, fear of answering the telephone, depression, irritability, worry, fear, anxiety, and financial damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant, for the following:

    a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

    b. Actual damages suffered by the Plaintiff;

    c. Plaintiff's attorney fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

### COUNT II-CONSPIRACY TO DEFRAUD-INTEGRITY AND CHASE

33. Plaintiff incorporates paragraphs 1-32.

34. At some time prior to June 28, 2012, Defendants entered into an agreement whereby Defendant Integrity would attempt to collect the alleged debt from Plaintiff, via use of the telephone and mail.

35. On or around June 28, 2011, via negotiations with and through Debt Rescue Central, Chase agreed to accept $1,800 as settlement in full on the alleged debt as indicated on Exhibit D.

36. Upon information and belief, at the time that Defendants entered into the Agreement, neither intended to honor the Agreement on the terms that they had offered that were accepted by Plaintiff, and Defendants knowingly entered into the Agreement although neither intended to honor the same.

37. Plaintiff made funds available in an escrow account so that Defendants could withdraw funds on a monthly basis, per the Agreement, until $1,800 was paid.

38. In furtherance of the scheme to defraud the Plaintiff, Chase retrieved the account at issue from Integrity with the intent to recover the remainder of the original balance amount from the Plaintiff, rather than the agreed-upon settlement balance, and refused to honor the Agreement it had executed with the Plaintiff.

39. In furtherance of the scheme to defraud the Plaintiff, Integrity continued to

accept payments from Plaintiff until January 3, 2013, as alleged *supra*, despite being aware that Chase did not intend to honor the agreement, and with full knowledge that the payments made by Plaintiff would be posted to the original balance of $4,040.82, and not toward the agreed-upon settlement balance of $1,800.00.

40. Chase accepted the "final" settlement payment of $150.00 on or around May 6, 2013, knowing that Plaintiff had intended to make payments under the terms of the Agreement, where Plaintiff thought that said sums would be paid toward the settlement balance, and not toward the original balance.

41. At the time Chase retrieved the account from Integrity, Plaintiff was not in default of any of the Agreement terms, and had complied with all terms of the Agreement which were imposed upon her by the agreement.

42. As a result of Defendants' actions, Plaintiff suffered, *inter alia*, financial damages as she was forced to hire an attorney to attempt to resolve the issue of Chase's continued efforts to attempt to collect a debt from her in an amount that she does not owe, and she was without use of the money that was held in escrow for the purpose of being paid toward the agreement to settle the debt.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants for:

        a. Actual damages;

        b. Costs and reasonable attorney fees;

        c. Punitive Damages; and,

        d. Such other or further relief as the Court deems proper.

## COUNT III-CONSUMER FRAUD-CHASE AND INTEGRITY

43. Plaintiff incorporates paragraphs 1-42.

44. At all relevant times, there was in full force and effect in the State of Illinois a statute commonly known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2.

45. Plaintiff is a consumer within the meaning of the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(e)].

46. The collection of debts constitutes services as defined by the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(b)].

47. The collection of debts constitutes trade and commerce as defined by the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(f)].

48. Duly authorized agents of Chase, namely employees and/or agents of Integrity, made material misrepresentations to Plaintiff regarding the settlement of the alleged debt, and her ongoing liability on the amount of alleged debt.

49. Specifically, said misrepresentations include the statements made by Integrity agents and/or employees, on behalf of Chase, on June 28, 2012, when said agents or employees spoke to an agent of the Plaintiff and misrepresented that Chase would settle Plaintiff's alleged debt for $1,800.00.

50. Plaintiff relied on Defendants' representations that it would settle the alleged debt for $1,800.00, and Plaintiff made payments toward the settlement amount thereafter in reliance, which was reasonable.

51. Plaintiff relied on Defendants' representations made on April 24, 2013, that Chase was honoring the settlement agreement, and made a final payment based on said misrepresentation.

52. Plaintiff would not have made payments toward the alleged debt had she known that Chase had not intended to honor the Agreement.

53. Plaintiff was damaged by Defendants' actions and suffered, *inter alia*, financial damages as she was forced to hire an attorney to attempt to resolve the issue of Chase's continued efforts to attempt to collect a debt from her in an amount that she does not owe, she is still perceived by Chase and third parties as owing the alleged debt as her credit report reflects an unpaid account, and she was without use of the money that was held in escrow for the purpose of being paid toward the Agreement to settle the debt.

54. Defendants' conduct is part of a pattern of misconduct which affects consumers and the public interest, and has a potential for repetition and further injury to others. Its actions in relentlessly attempting to collect a debt from Plaintiff in an amount she does not owe were made in reckless disregard of the rights of Plaintiff, thereby warranting the imposition of punitive damages.

55. At all times relevant to the facts alleged in this complaint, Integrity's efforts to collect the debt from Plaintiff were duly authorized by Chase, which had hired Integrity to bring about collection of the alleged debt.

56. Chase at no time informed Plaintiff that it had ceased to have Integrity represent its interests in collecting the alleged debt.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against

the Defendants for:

      A.      Actual damages;

      B.      Punitive damages in the amount of $50,000;

      C.      Costs of bringing this action and attorney fees incurred in so doing, pursuant to 815 ILCS 505/10 (c);

      D.      Whatever other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com


                                          By:  s/ Mario Kris Kasalo
                                                 Mario Kris Kasalo

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.